OPINION OF THE COURT
Anne G. Feldman, J.
This decision amplifies the court’s oral rulings of November 1, 2000.
*452 Defendant asks the court (motion No. 32) to adopt the “struck jury” system and the “full box” method of jury selection. In the alternative, defendant moves the court to employ the “full box” method alone. Defendant asserts that his proposal for jury selection increases the likelihood of a fair and impartial capital jury and allows both parties to more effectively exercise peremptory challenges.
Related to defendant’s proposals concerning the mechanism for exercising peremptory challenges is his request (motion No. 28)* to individually explore jurors’ attitudes toward matters beyond death qualification that may have an impact on the suitability of jurors for this case.
The People argue that neither CPL 270.15 nor the circumstances of this case require the court to deviate from the “jury box” method of jury selection traditionally used in criminal trials in the New York State courts or from group questioning of jurors prior to the exercise of peremptory challenges.
Background
Under the “struck jury” system prospective jurors are screened and challenged for cause until a sufficient pool of qualified jurors is created from which the parties may select a jury and an adequate number of alternate jurors. Peremptory challenges to the entire pool of qualified jurors are then exercised, first by the prosecution and then by defendant. This method allows defense counsel to make a comparative assessment of all available jurors before exercising any peremptory challenges.
The “full box” method is a variation on the “struck jury” system. Peremptory challenges are exercised when enough qualified jurors have been selected to fill the jury box. However, the prosecution must exercise its peremptory challenges as to all the jurors in the box before defendant is required to exercise any peremptory challenges as to that box. After both sides have exercised their challenges, the jury box is refilled completely and challenges are again directed at the entire box until the jury is complete. Under this approach the defense would have an opportunity to evaluate all jurors remaining in the box before deciding how to exercise their challenges.
The “jury box” method requires the parties to exercise peremptory challenges only from among a sufficient number of *453 prospective jurors to select 12 jurors and alternates. In the context of a capital case, after individual voir dire questioning of all jurors in the box is conducted to determine whether each juror is legally qualified to serve, the exercise of peremptory challenges follows immediately, led once again by the prosecution. The procedure is repeated with the number of peremptory challenges successively exercised only with respect to the number of jurors needed to complete the jury. Under this procedure the defense is not aware which jurors in the box the prosecution may challenge on succeeding rounds and therefore cannot base its peremptory challenge decisions on an evaluation of all jurors remaining in the box.
Each of these methods of jury selection is permissible under CPL 270.15. “[A]s long as the prosecution exercised its peremptory challenges before the defendant, and in no case challenges a prospective juror ‘remaining in the jury box’ after both parties have had a chance to peremptorily challenge that juror, the requirements of CPL 270.15 are satisfied.” (People v Alston, 88 NY2d 519, 529.) The trial court is thus vested with considerable discretion in determining the appropriate method of jury selection.
Of great concern to this court is the enduring theory that the death qualification process leads to a conviction-prone jury. In Lockhart v McCree (476 US 162 [1986]), the Supreme Court upheld the constitutionality of death qualifying a jury prior to trial and this court followed suit in the instant case (motion No. 21) and in People v Harris (176 Misc 2d 967). However, while the Supreme Court in Lockhart expressed its reservations about the soundness of empirical studies which concluded that a conviction-prone jury is likely to be produced by death qualifying jurors, it elected not to reject such studies but rather articulated overriding compelling or significant state interests for allowing the death qualifying procedure (Lockhart, supra, at 180-181). Thus the debate over the predisposition of the death qualified jury to convict perseveres.
CPL 270.16 permits individual examination of prospective jurors regarding their qualifications to serve as jurors in a capital case upon motion of either party. Nothing in that provision prohibits the integration of this absolute right to individualized voir dire with the court’s discretionary power to allow individual questioning under CPL 270.15 (1) (c).
In an effort to minimize the risk of a conviction-prone jury the court has fashioned a compromise designed to balance fairness and judicial economy. The court therefore modifies the *454 “struck jury” system to the extent that it will conduct an individualized voir dire until a sufficient pool of qualified jurors has been assembled to assure the selection of a full jury and a sufficient number of alternates. Both parties will be afforded the opportunity to plumb the depths of each juror’s attitudes toward issues unconnected with sentence by individualized questioning. However, upon the amassing of a sufficient pool, peremptory challenges will be exercised under the “jury box” method, i.e., peremptory challenges will be exercised upon prospective jurors who are randomly selected from the pool of qualified jurors until the jury selection is completed.
The court is aware that this hybrid system may be more time consuming than the usual “jury box” method but believes it can achieve judicial economy and efficiency by asking any questions necessary to clarify the prospective juror’s written questionnaire and by imposing reasonable time limits on counsels’ voir dire.
Accordingly, defendant’s motion No. 32 is granted to the extent that cause and peremptory challenges to jurors in the box will not be exercised contemporaneously. However, defendant’s motion is denied to the extent that peremptory challenges will be exercised upon a pool of qualified jurors under the “jury box” method.

 The court granted this motion orally.